IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SIRINA SUCKLAL                              *
                                            *
        v.                                  *        Civil No. JFM-09-1058
                                            *
FREMONT REORGANIZING CORP.         *
                                    *******

MEMORANDUM

     Sirina Sucklal has instituted this pro se action against five defendants.   All of those defendants filed motions to dismiss the original complaint.   Plaintiff responded to the motion by filing an amended complaint.   Defendants have filed motions to dismiss the amended complaint as well.   Their motions will be granted.

     I will briefly set forth the reasons for my granting the motions to dismiss, count by count.

Count I (To Quiet Title)

     The record reflects that Ella Smith is a co-owner of the subject property (as a tenant in common and thus is a necessary party to a quiet title action.   She is not a party to this suit. Moreover, none of the defendants claim any title interest in the subject property.

Count II (Violation of RESPA)

     Plaintiff has failed to allege any specific facts demonstrating that any of the defendants violated RESPA.   Moreover, documents submitted by defendants with their motions to dismiss reflect that none of them failed to comply with the requirement of RESPA that they provide timely responses to qualified and written requests made to them by plaintiff.

Count III (Fair Housing Act)

     None of the defendants, other than Fremont Reorganizing Corp., are alleged to had any

interest in the loans made to plaintiff until after the original loans were made.   Therefore, they cannot have been guilty of "reverse redlining" in making the loans alleged by plaintiff.   As for plaintiff's claim against Fremont, it is time-barred.   The loans in question were made on January 20, 2006, and the Fair Housing Act establishes a two year statute of limitations.   *See* 42 U.S.C. §3613(a)(1)(A).   This action was not instituted until April 24, 2009.

Count IV (Fraud and Misrepresentation)

Again, none of the defendants other than Fremont can be held liable for any alleged fraud and misrepresentation in the making of the loans since they did not obtain any interest in the loans until after the loans were made.   As for plaintiff's fraud and misrepresentation claim against Fremont, she has not alleged any particularized facts whatsoever to demonstrate that Fremont made any fraudulent misrepresentations.   Moreover, again plaintiff's claim is barred by limitations.   Under Maryland law a fraud action must be filed within three years from the date on which it accrues.   *See* Md. Code Ann., Cts. & Jud. Proc. Art., §5-101.   As stated above, the loans in question were made on January 20, 2006, and this action was not instituted until more than three years later on April 24, 2009.

Count V (Violations of the Unfair Debt Collection Practices Act)

Plaintiff has not alleged any facts whatsoever to support her generic and conclusory allegation that defendants have violated the Fair Debt Collections Act.   Although plaintiff is appearing pro se, she must at least allege some specific facts giving rise to conclusory averments. Her failure to do so, both in the original complaint and in the amended complaint, is fatal to her claim.

Count VI (Breach of Fiduciary Duty)

Although plaintiff again makes a conclusory averment that defendants breached a fiduciary

2

duty they owed to her, she has alleged no facts that would give rise to any such fiduciary duty.

Moreover, she has cited no authority for the proposition that a mortgage lender is a fiduciary

within the meaning of Maryland law.   Finally, her allegations concerning an alleged breach of

fiduciary duty relate to the making of the loans in the first instance, and, as set forth above, none of

the defendants other than Fremont were participants in the making of the original loans.

Count VII (Breach of Written Contract

The gravamen of plaintiff's contract claim is that the defendants "did not inform . . . [her]

that they had a statutory duty to provide . . . [her] with disclosures and with regard to the actual cost

of the loan and the amount for brokers' fee."   Plaintiff has cited no authority to support the

proposition that defendants were under any contract duty to provide her with such disclosures.

Moreover, plaintiff alleges that the breach of contract occurred on January 20, 2006 when the

original loans were made to her, and, as stated above, none of the defendants other than Fremont

made the original loans.

Count VIII (Breach of the Implied Covenant of Good Faith and Fair Dealing Under 15 U.S.C.
§1639(h))

Plaintiff alleges that the implied covenant of good faith and fair dealing was committed on

January 20, 2006 when the original loans were made.   For the reasons previously stated,

plaintiff's claims fails as to all of the defendants other than Fremont because they did not make the

original loans on January 20, 2006.   As for plaintiff's claim against Fremont, she has not alleged

any of the statutory prerequisites for breach of implied covenant set forth in 15 U.S.C. §1639(h).

*See* 15 U.S.C. §1602(aa).

3

<u>Count IX (Alleged RICO Violations</u>)

Again, plaintiff has alleged no specific facts whatsoever to support her general and conclusory allegations that defendants have violated the RICO statute.   Although plaintiff is appearing pro se, she must at least allege some specific facts giving rise to conclusory averments. Her failure to do so, both in the original complaint and in the amended complaint, is fatal to her claim.

A separate order effecting the rulings made in this memorandum is being entered herewith.

DATE:   <u>9/30/2009</u>                    ___/s/_____
                                          J. Frederick Motz
                                          United States District Judge

4